Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

**FILED**

# UNITED STATES DISTRICT COURT

for the

Western District of Oklahoma ▾

JAN 2 6 2021

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

Division

Janice Cassandra Wrenn

**CIV 21  0059  JD**

Case No.

*(to be filled in by the Clerk's Office)*

)
)
)
)

Jury Trial: *(check one)* ☑Yes ☐No

)
)
)
)

**Plaintiff(s)**
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

–v–

Scott Pruitt, Mike Hunter, Mykel Fry, Lory Dewey,
Thomas Siems, Joel Nico Gomez, Kevin Corbett,
Nicole M Nantois, Jeremiah Streck, Travis Kirkpatrick,
Traylor Rains, Wendy Larsen-See Attached

**Defendant(s)**
*(Write the full name of each defendant who is being sued.  If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.  Do not include addresses here.)*

)
)
)
)
)
)
)
)
)

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to
electronic court files.  Under this rule, papers filed with the court should *not* contain: an individual's full social
security number or full birth date; the full name of a person known to be a minor; or a complete financial account
number.  A filing may include *only*: the last four digits of a social security number; the year of an individual's
birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any
other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in
forma pauperis.

# UNITED STATES DISTRICT COURT

## Western District of Oklahoma

## Full Defendant Lists

Scott Pruitt, Mike Hunter, Mykel Fry, Lory Dewey, Thomas Siems, Joel Nico Gomez, Kevin Corbett, Nicole M Nantois, Jeremiah Streck, Travis Kirkpatrick, Traylor Rains, Wendy Larsen, Lisa Gifford, Carrie Evans

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | | | |
|---|---|---|---|
| Name | Janice Cassandra Wrenn | | |
| Address | 1555 S Havana Street #F123 | | |
| | Aurora | CO | 80012 |
| | *City* | *State* | *Zip Code* |
| County | Arapahoe County | | |
| Telephone Number | 469-992-5945 | | |
| E-Mail Address | wrennscivilinjustice@gmail.com | | |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | | | |
|---|---|---|---|
| Name | Scott Pruitt | | |
| Job or Title *(if known)* | Attorney General | | |
| Address | 313 NE 21st | | |
| | Oklahoma City | OK | 73105 |
| | *City* | *State* | *Zip Code* |
| County | Oklahoma County | | |
| Telephone Number | | | |
| E-Mail Address *(if known)* | | | |

☒ Individual capacity    ☒ Official capacity

Defendant No. 2

| | | | |
|---|---|---|---|
| Name | Mike Hunter | | |
| Job or Title *(if known)* | Attorney General | | |
| Address | 313 NE 21st | | |
| | Oklahoma City | OK | 73105 |
| | *City* | *State* | *Zip Code* |
| County | Oklahoma County | | |
| Telephone Number | | | |
| E-Mail Address *(if known)* | | | |

☒ Individual capacity    ☒ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

Defendant No. 3

| | |
|---|---|
| Name | Mykel Fry |
| Job or Title *(if known)* | Assistant Attorney General & Director of MFCU |
| Address | 313 NE 21st |

| Oklahoma City | OK | 73105 |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Oklahoma County |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☒ Individual capacity   ☒ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | Lory Dewey |
| Job or Title *(if known)* | Assistant Attorney General |
| Address | 313 NE 21st |

| Oklahoma City | OK | 73105 |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Oklahoma County |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☒ Individual capacity   ☒ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials? See Attachment

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

Defendant No. 3

    Name                        N/A

    Job or Title *(if known)*

    Address

|  | City | State | Zip Code |
|---|---|---|---|

    County

    Telephone Number

    E-Mail Address *(if known)*

    Individual capacity    ■ Official capacity

Defendant No. 4

    Name                        N/A

    Job or Title *(if known)*

    Address

|  | City | State | Zip Code |
|---|---|---|---|

    County               N/A

    Telephone Number

    E-Mail Address *(if known)*

    Individual capacity    ■ Official capacity

## II.    Basis for Jurisdiction-Attached with 1983

**Under 42 USC 1985 (3)** conspiracy to interfere with civil rights if two or more persons in any state or territory conspire or go in disguise on the highways or on the premises of another for the purpose of depriving either directly or indirectly any person or class or of equal protection and immunities under the law or for the purpose of preventing or hindering constituting authority of any state or territory for giving or secure to all persons within such a state or territory equal protection of the law. An unlawful act an injured cause to another from commission of that act. The liability for civil conspiracy is damages.

A.    Are you bringing suit against *(check all that apply)*?

        Federal officials (a *Bivens* claim)

    **X**    State or local officials (a§ 1985 claim)

B.    Section **42** U.S.C. **§ 1985(3)** provides citizens with a cause of action against private conspiracies to violate constitutional rights claims. If you are suing under section 1985, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials? See **Memorandum attached**

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials? N/A

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | N/A  See 1st page |
| Address | |
| | City    State    Zip Code |
| County | N/A  See 1st page |
| Telephone Number | |
| E-Mail Address | |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Joel Nico Gomez |
| Job or Title *(if known)* | Chief Executive Officer |
| Address | 6800 NW 39th Expressway |
| | Bethany    OK    73008 |
| | City    State    Zip Code |
| County | Oklahoma County |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☒ Individual capacity   ☒ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Kevin Corbett |
| Job or Title *(if known)* | Chief Executive Officer |
| Address | 4345 N Lincoln Blvd |
| | Oklahoma City    OK    73105 |
| | City    State    Zip Code |
| County | Oklahoma County |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☒ Individual capacity   ☐ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

**Defendant No. 3**

| | | | |
|---|---|---|---|
| Name | Nicole M Nantois | | |
| Job or Title *(if known)* | Deputy General Counsel | | |
| Address | 3305 NW 19th | | |
| | Oklahoma City | OK | 73107 |
| | *City* | *State* | *Zip Code* |
| County | Oklahoma County | | |
| Telephone Number | | | |
| E-Mail Address *(if known)* | | | |

☒ Individual capacity   ☒ Official capacity

**Defendant No. 4**

| | | | |
|---|---|---|---|
| Name | Jeremiah Streck | | |
| Job or Title *(if known)* | Deputy General Counsel | | |
| Address | 4336 Windsor Rd | | |
| | Windsor | WI | 53598 |
| | *City* | *State* | *Zip Code* |
| County | Dane County | | |
| Telephone Number | | | |
| E-Mail Address *(if known)* | | | |

☒ Individual capacity   ☒ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983.  If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

## I.  The Parties to This Complaint

### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | *See 1st Page* |
| Address | |
| | City        State        Zip Code |
| County | *See 1st Page* |
| Telephone Number | |
| E-Mail Address | |

### B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Travis Kirkpatrick |
| Job or Title *(if known)* | Investigator |
| Address | 1000 N.E 10th Street |
| | Oklahoma City        OK        73104 |
| | City        State        Zip Code |
| County | Oklahoma County |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☒ Individual capacity   ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Traylor Rains |
| Job or Title *(if known)* | Post Termination Panel Hearing Decision Maker |
| Address | 4345 N Lincoln Blvd |
| | Oklahoma City        OK        73107 |
| | City        State        Zip Code |
| County | Oklahoma County |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity   ☒ Official capacity

Defendant No. 3

| Name | Wendy Larsen | | |
|---|---|---|---|
| Job or Title *(if known)* | Post Termination Panel Hearing Decision Maker | | |
| Address | 2000 N Classen Blvd Ste 2-600 | | |
| | Oklahoma City | OK | 73106 |
| | *City* | *State* | *Zip Code* |
| County | Oklahoma County | | |
| Telephone Number | | | |
| E-Mail Address *(if known)* | | | |

☒ Individual capacity   ☒ Official capacity

Defendant No. 4

| Name | Melinda Thomason | | |
|---|---|---|---|
| Job or Title *(if known)* | Post Termination Panel Hearing Decision Maker | | |
| Address | 4345 N. Lincoln Blvd | | |
| | Oklahoma City | OK | 73107 |
| | *City* | *State* | *Zip Code* |
| County | Oklahoma County | | |
| Telephone Number | | | |
| E-Mail Address *(if known)* | | | |

☒ Individual capacity   ☒ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.      The Parties to This Complaint

### A.      The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | *See 1ˢᵗ Page* |
| Address | |
| | *City*          *State*          *Zip Code* |
| County | *See 1ˢᵗ Page* |
| Telephone Number | |
| E-Mail Address | |

### B.      The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Lisa Gifford |
| Job or Title *(if known)* | Post Termination Panel Hearing Decision Maker |
| Address | 2121 Gatewood Ave |
| | Oklahoma City          OK          73106 |
| | *City*          *State*          *Zip Code* |
| County | Oklahoma County |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☒ Individual capacity     ☒ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Carrie Evans |
| Job or Title *(if known)* | Post Termination Panel Hearing Decision Maker |
| Address | 1009 NW 18th |
| | Oklahoma City          OK          73106 |
| | *City*          *State*          *Zip Code* |
| County | Oklahoma County |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☒ Individual capacity     ☒ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

Defendant No. 3

    Name — Thomas Siems

    Job or Title *(if known)* — Agent For MFCU

    Address — 313 NE 21st,

| Oklahoma City | OK | 73105 |
|---|---|---|
| *City* | *State* | *Zip Code* |

    County — Oklahoma County

    Telephone Number

    E-Mail Address *(if known)*

☒ Individual capacity   ☒ Official capacity

Defendant No. 4

    Name

    Job or Title *(if known)*

    Address

| | | |
|---|---|---|
| *City* | *State* | *Zip Code* |

    County

    Telephone Number

    E-Mail Address *(if known)*

☐ Individual capacity   ☐ Official capacity

## II.  Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

See Attachment

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.
See Attachment

## III.    Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?
Oklahoma City, Oklahoma-See Attachment

B.    What date and approximate time did the events giving rise to your claim(s) occur?
See Attachment

C.    What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*
See Attachment

**IV.    Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.
See Attachment

**V.    Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.
See Attachment

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     January 26, 2021

Signature of Plaintiff

Printed Name of Plaintiff        Janice Cassandra Wrenn

### B.   For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF OKLAHOMA

JANICE CASSANDRA WRENN,

        Plaintiff,

vs.

OKLAHOMA OFFICE OF THE ATTORNEY

GENERAL, and

SCOTT PRUITT, and

MIKE HUNTER, and

MYKEL FRY, and

LORY DEWEY, and

OKLAHOMA HEALTH CARE
AUTHORITY, and

JOEL NICO GOMEZ, and

KEVIN CORBETT, and

NICOLE M NANTOIS, and

JEREMIAH STRECK, and

TRAVIS KIRKPATRICK, and

TRAYLOR RAINS, and

WENDY LARSEN, and

MELINDA THOMASON, and

LISA GIFFORD, and

CASE NO.

CARRIE EVANS, and

OKLAHOMA MEDICAID FRAUD
CONTROL UNIT, and

THOMAS SIEMS, and

MYKEL FRYE, and

               Defendants

COMES NOW Plaintiff, JANICE CASSANDRA WRENN, Pro-se, hereby files this
action against Defendants, the agents of the Oklahoma Attorney General's Office (OAG), staff of
Oklahoma Healthcare Authority, and the staff of the Medicaid fraud control unit (MFCU),
pursuant to 42 USC §1983 and 42 USC §1985, and alleges as follows:

## INTRODUCTION

Plaintiff states that she has suffered several constitutional violations by Defendants'
conducts, which occurred under the color of state law. Plaintiff also avers that the conducts
deprived the Plaintiff of her protected rights, privileges, and immunities guaranteed under federal
law and the United States Constitution.

Plaintiff invokes her constitutional rights under the 4th, 5th, and 14th Amendments of the
United States Constitution. Plaintiff also states that she is innocent of any State or Federal crime.
Plaintiff further avers that Defendants entered a conspiracy to violate Plaintiff's civil rights.

Defendants came together under one criminal mind to enter a conspiracy to deprive
Plaintiff of her civil rights. Defendants are also attempting to make Plaintiff a party to an alleged

criminal action that has never taken place, in violation of Plaintiff's 4th, 5th, and 14th

Amendments of the United States Constitution and Due Process under the 14th amendment.

The State relied on unreliable witnesses and misrepresentations of facts to create criminal

allegations against Plaintiff, which never occurred.

The subject criminal proceeding has no legal basis and should never have been initiated.


## JURISDICTION

Jurisdiction in this action is predicated upon 28 U.S.C. §§ 1331.


## VENUE

Venue for this action is predicated upon 28 U.S.C. § 1391(b), (c) and (e).


## PARTIES

Plaintiff JANICE CASSANDRA WRENN a/k/a JANICE BRIGGS (hereinafter "Mrs.

Wrenn") was the owner of Briggs Family and Youth Association, Inc, Briggs Behavioral Health

Services, Briggs Therapeutic CDC, Briggs Intensive Youth Development Center. See

Attachment.

Defendant OKLAHOMA OFFICE OF THE ATTORNEY GENERAL of address 313

NE 21st St, Oklahoma City, Oklahoma, 73105, is an agency of the Oklahoma state

government.

Defendants SCOTT PRUITT (Attorney General-January 2011-Feb 17, 2017), MIKE

HUNTER (Attorney General-February 20, 2017-Present), MYKEL FRY (Assistant Attorney

General), and LORY DEWEY (Assistant Attorney General) are/were agents of the Oklahoma

Office of Attorney General. Their address for the purpose of this action is 313 NE 21st, Oklahoma City, Oklahoma, 73105.

Defendant OKLAHOMA HEALTH CARE AUTHORITY of address 4345 N. Lincoln Blvd, Oklahoma City, Oklahoma, 73105, is an Oklahoma authority that collects the personally identifiable data submitted and received in regard to applications for services, renewals, appeals, provision of health care and processing of claims.

Defendant JOEL NICO GOMEZ of address 6800 NW 39th Expressway, Bethany, Oklahoma, 73008, is/was the Chief Executive Officer of the Oklahoma Health Care Authority.

Defendant KEVIN CORBETT of address 4345 N Lincoln Blvd, Oklahoma, Oklahoma, 73105, is/was the Chief Executive Officer of the Oklahoma Health Care Authority.

Defendant NICOLE M NANTOIS of address 4345 N Lincoln Blvd, Oklahoma, Oklahoma, 73105, is/was the Deputy General Counsel of the Oklahoma Health Care Authority.

Defendant JEREMIAH STRECK of address 4336 Windsor Rd, Windsor, Wisconsin, 53598, is/was the Deputy General Counsel of the Oklahoma Health Care Authority.

Defendant TRAVIS KIRKPATRICK of address 1000 N.E 10th Street, Oklahoma City, Oklahoma, 73104, is/was the Investigator for the Oklahoma Health Care Authority.

Defendant TRAYLOR RAINS of address 4345 N Lincoln Blvd, Oklahoma City, Oklahoma, 73107, is/was the Post Termination Panel Hearing Decision Maker for the Oklahoma Health Care Authority.

Defendant WENDY LARSEN of address 2000 N Classen Blvd Ste 2-600, Oklahoma City, Oklahoma, 73106, is /was the Post Termination Panel Hearing Decision Maker of the

Oklahoma Health Care Authority.

Defendant MELINDA THOMASON of address 4345 N. Lincoln Blvd, Oklahoma City, Oklahoma, 73105, is /was the Post Termination Panel Hearing Decision Maker of the Oklahoma Health Care Authority.

Defendant LISA GIFFORD of address 2121 Gatewood Ave, Oklahoma City, Oklahoma, 73106, is /was the Post Termination Panel Hearing Decision Maker of the Oklahoma Health Care Authority.

Defendant CARRIE EVANS of address 1009 NW 18th, Oklahoma City, Oklahoma, 73106, is /was the Post Termination Panel Hearing Decision Maker of the Oklahoma Health Care Authority.

Defendant OKLAHOMA MEDICAID FRAUD CONTROL UNIT of address 313 NE 21st St, Oklahoma City, Oklahoma, 73105, is the authority that investigates instances of abuse, neglect, and exploitation of residents in long term board and care facilities and prosecutes those providers that would injure or exploit these vulnerable Oklahoma citizens.

Defendant THOMAS SIEMS of address 313 NE 21st St, Oklahoma City, Oklahoma, 73105, is/was the Investigator for the Oklahoma Medicaid Fraud Control Unit.

Defendant MYKEL FRYE of address 313 NE 21st St, Oklahoma City, Oklahoma, 73105 is/was the Director for the Oklahoma Medicaid Fraud Control Unit

## FACTUAL BACKGROUND

During the end of 2012, the Oklahoma Health Care Authority (OHCA) began an investigation into Plaintiff's business (Briggs) unbeknown to Plaintiff. The said investigation was based on complaints from disgruntled employees involving misdeeds committed by those

same employees.

OHCA, instead of investigating the wrongdoers, began an investigation into Plaintiff. These investigations did not follow due process guidelines regarding Medicaid fraud. Per 42 CFR 431.107, before any action is taken against Plaintiff, Plaintiff needs to keep records and pursuant 74 Oklahoma statute 8541, OHCA and the Oklahoma State auditor and the inspector will have the right to examine the provider's books.

Shortly thereafter, Plaintiff's business was terminated. (See Notice of Termination Letter Attached as Exhibit "A").

Consequential to the termination, Plaintiff transitioned her clients to Options Unlimited, a company owned by Kimberly Shoals who is contracted with SoonerCare to provide similar services to Medicaid patients at this time, Plaintiff reasonably believed that all relevant protocols were being adhered to during the transition period. Accordingly, Plaintiff relied on Kimberly Shoals.

On or about the 20th day of June 2016, the State of Oklahoma, by and through unconstitutional actions of the staff of the Attorney General's office, charged Plaintiff- a former employee of Ms. Shoal- to having conspired to commit several counts of Medicaid fraud. The said charge was brought by information from Kimberly Shoals.

The allegations mentioned above lacked evidence.

On or about March 28, 2017, the State of Oklahoma, by and through illegal conduct of staff of the Attorney General's office, moved to the District Court of Oklahoma County through Magistrate Larry Shaw, to dismiss all counts against Ms. Shoals, who was the only medical provider on the date and time of the alleged offenses charged by the State. (See Preliminary

Hearing Transcript of Kimberly Shoals & AAG Testimony Day 1 Attached Exhibit "B").

## COUNT 1

### DENIAL OF DUE PROCESS

### (U.S.C. 5TH AND 14TH AMENDMENTS)

Under both the Fifth and Fourteenth Amendments to the U.S. Constitution, neither the

federal government nor state governments may deprive any person "of life, liberty, or property

without due process of law." Due process is violated "if a practice or rule offends some principle

of justice so rooted in the traditions and conscience of our people as to be ranked as

fundamental". *Snyder v. Massachusetts*, 291 U.S. 97, 105 (1934). The U.S. Supreme Court

formulated a balancing test to determine the rigor with which the requirements of procedural due

process should be applied to a particular deprivation. The Court set out the test as follows:

"[I]dentification of the specific dictates of due process generally requires consideration of three

distinct factors: first, the private interest that will be affected by the official action; second, the

risk of an erroneous deprivation of such interest through the procedures used, and the probable

value, if any, of additional or substitute procedural safeguards; and, finally, the Government's

interest, including the function involved and the fiscal and administrative burdens that the

additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S.

319, 335 (1976).

In that vein, 42 CFR 455.14 states, "If a [state] agency receives a complaint of Medicaid

fraud or abuse from any source or identifies any questionable practices, it must conduct a

preliminary investigation to determine whether there is a sufficient basis to warrant a full

investigation." It follows; the State Medicaid agency must determine the credibility of an allegation of fraud, and pursuant to 455.13(b)(2), the methods for investigating Medicaid fraud must "afford due process of law."

In the instant case, there were no audits done. The Attorney General's office is granted all the powers necessary to comply with Federal laws and regulations, yet there has been no evidentiary production of any regulatory audits related to the charged Medicaid Fraud offenses. OHCA failed to follow the aforementioned procedure by failing to conduct a preliminary investigation. They never questioned or even contacted Plaintiff, never performed an audit on the businesses between the receipt of complaints and the termination of Plaintiff's OHCA contracts, and never conducted an inspection of the premises for purposes of investigating the claims. (See Preliminary Hearing Transcript of Susan Lowry & Amy Bradt Testimony Day 2 Attached Exhibit "C").

Agent Siems' mere mentioning of an audit in his affidavit should demonstrate to this court that an audit is an essential element of due process and that taking any action against Plaintiff and his wife without an audit violated procedure due process, which violation deprived Plaintiff of his constitutional protection under the fifth and the fourteenth amendment of the United States Constitution. [USCA 5th and 14th Amendment]. Thus, failure to provide the audit violated the United States Constitution under the 5th and the 14th amendment. See *Whitley v. Dretke* l 11 Fed. App. 222.

Per 42 CFR 434.67 and 42 CFR Part 1003, once the State detects a situation of potential fraud perpetrated by the Plaintiff and his wife, the State should ensure coordination with the Statewide Surveillance and Utilization Review Subsystem (SURS) or SURs-like staff, managed care managers, quality improvement, Medicaid Fraud Control Units (MFCU), and Health Care

Financing Administration (HCFA) staff. In cases where SURs and Quality Assurance (QA) staff are not the same, QA staff should be actively involved. (In most States, if the potential fraud involves a Medicaid beneficiary, reporting and prosecution is handled through local district attorneys' offices.) Once an appropriate course of action is determined, all stakeholders should be informed of the outcome of the case in order to develop corrective action plans and integrate follow-up and prevention into the relevant quality improvement strategies and plans. States should report recommendations for imposition of sanctions to the Health Care Finance Administration (HCFA) as required by regulations at 42 CFR 434.67. This suggested reporting strategy is not meant to take the place of States' own administrative remedy processes but has been developed as guidance if a State chooses to use sanctions outside of its purview. It follows; the MFCU and AAG stated to Plaintiff that she did not report any adverse actions against Plaintiff to the Centers for Medicare & Medicaid Services (CMS) or the Office of the Inspector General (OIG).

Besides, from the onset of the criminal case, a Bill of Particulars was requested, a question of Jurisdiction was raised, and other questions of law were presented to the court by the Plaintiff. There are no findings from the court and or conclusions that any of these questions have been addressed to their merit. (See Bill of Particulars attached as Exhibit "D").

In the said criminal case, Plaintiff pleaded for an order of dismissal based on bias and impartiality, and now Plaintiff asks this court to reconsider all motions filed and to even review the Magistrate's determination of probable cause, since Plaintiff is being denied due process. (See in Camera request attached as Exhibit "E").

The sworn affidavits for arrest warrants authored by Agent officer Thomas Siems painted a false picture for the court- that during his investigation Agent Siems found that OHCA

conducted an audit of Briggs (Plaintiff's Business). (See Affidavit of Probable Cause & Charge

Sheet attached as

Exhibit "F").

It follows; the staff of OHCA failed to follow procedure, and by its failure to do so,

Plaintiff humbly requests this honorable Court to rule a violation of the Constitution under due

process against Plaintiff by Defendants because of their failure to conduct an audit and a

preliminary investigation.

## COUNT 2

## OFFICIAL MISCONDUCT

### (42 U.S.C. § 1983 & 42 U.S.C. § 1985)

Title 42, U.S.C., Section 1983 makes it a crime for any person acting under color of law,

statute, ordinance, regulation, or custom to willfully deprive or cause to be deprived from any

person those rights, privileges, or immunities secured or protected by the Constitution and laws

of the U.S.

In the instant case, Defendants acted under color of law by failing to conduct an audit as

required by the law. This action deprived Plaintiff of Due Process and Equal Protection of

the Law. It follows, Defendants willfully deprived Plaintiff of procedural fairness to a fair and

natural outcome legal proceedings.

The U.S. Supreme Court, in *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1687 (1974)

stated that "when a state officer acts under a state law in a manner violative of the Federal

Constitution, he "comes into conflict with the superior authority of that Constitution, and he is in

that case stripped of his official or representative character and is subjected in his person to the

consequences of his individual conduct..." [Emphasis supplied in original]. Accordingly, this

honorable Court should find Defendants liable for violating Plaintiff's Due Process rights. See also *Monroe v. Pape*, 365 U.S. 167 (1961).

Title 42, U.S.C., Section 1985 makes it unlawful for a person to obstruct justice and to deprive persons of rights and privileges.  Notably, 42 USC 1985 (3) provides for conspiracy to interfere with civil rights if two or more persons in any states or territory conspire or go in disguise on the highway or the premises of another for the purpose of depriving either directly or indirectly a person of class or equal protection of law or privilege or immunities under the law for the purpose of hindering the constituted authority under the state or territory. The said provision resonates Title 18, U.S.C., Section 241 that makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States.

In the instant case, Defendants entered a conspiracy against Plaintiff when they operated under the color of state law to conduct an illegal investigation. Defendants also violated Plaintiff's civil rights while attempting to blackmail Plaintiff for money under color of state law. Accordingly, per 42, U.S.C., Section 1985, Plaintiff has a right to a private action for damages following damages for injuries or deprivation caused by a conspirator to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." Defendants' conduct and fraudulent activities in creating a Medicaid fraud complaint violated Plaintiff's protection under the United States Constitution.

Accordingly, Plaintiff maintains that she is innocent and was unlawfully included in the Criminal action. The absence of facts required for a conviction under a criminal statute is not shown and there's only allegation of a created case. See *Lambert v. Blackwell* ,134 F.3d

506,509(3d Cir. 1997); *House v. Bell*,31 F3d 767 ;2002 US. App. Lexi's 2393;2002 Fed. App.

0406p (6th Cir.).

## COUNT 3

## MISCONDUCT

### (Pecuniary Interest)

The dismissal of Ms. Shoals that was requested by the Attorney General's office and

granted to Ms. Shoals by the Court, was made pursuant to Title 22 § 305.1, which reads as

follows;

.

> **Before the filing of an information against a person**
> **accused of committing a crime, the State of**
> **Oklahoma, through its district attorney, may agree**
> **with an accused to defer the filing of a criminal**
> **information for a period not to exceed three (3)**
> **years.**

Ms. Shoals having had an information filed against her in this captioned cause.

Therefore, she was not statutorily eligible for a deferred prosecution. Besides, within the

illegal deferred prosecution agreement between Ms. Shoals and the Attorney General, the

Attorney General's office awarded itself $154,600.75 from Ms. Shoals, of Medicaid monies

in restitution.

Plaintiff avers that since the inception of the Attorney General's illegal deferred

prosecution agreement with Ms. Shoals, the State, by having ordered such an award to

themselves, has created a pecuniary interest that leaves no other alternative but to continue their advancement for a Medicaid Fraud conviction against Plaintiff, as justification for their pecuniary enrichment. (See Deferred Prosecution Agreement attached as Exhibit "G").

WHEREFORE, these premises considered, Plaintiff humbly requests judgment against Defendants, and order:

1. Damages in the amount of $35million, plus an award of costs and interest.
2. All the defendants violated Plaintiff's constitutional rights and are not immune by and through their actions in the conspiracy.
3. Any and all relief that this Honorable Court deems fit.

Respectfully submitted,

*Signature*

Pro Se

JANICE CASSANDRA WRENN

1555 S HAVANA STREET #F123

AURORA, CO, 80012

DATED: January 26th, 2021

## CERTIFICATE OF MAILING

I, JANICE CASSANDRA WRENN, certified on this 26ᵗʰ day of 𝐽𝑎𝑛𝑢𝑎𝑟𝑦 .2021,

I deposited a true copy of the above to the defendant by placing the documents with

prepaid postage in the United States mailbox address to each person.

*Signature*

Pro Se

JANICE CASSANDRA WRENN

1555 S HAVANA STREET #F123

AURORA, CO, 80012
(469) 992-5945